IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Qian Williams,<br><br>Petitioner,<br><br>v.<br><br>Warden Naiper,<br><br>Respondent. | Case No. 5:25-cv-09652-JDA<br><br><br>**OPINION AND ORDER** |

Petitioner, a federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. [Doc. 1.] This matter is before the Court on Petitioner's motion to strike and Respondent's motion to dismiss or, in the alternative, for summary judgment. [Docs. 33; 37.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On July 7, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion to dismiss be granted and Petitioner's motion to strike be denied.[1] [Doc. 39.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 10.] On July 27 and August 12, 2026, the Clerk docketed objections from Petitioner. [Docs. 45; 46.]

[1] The Magistrate Judge treated Respondent's motion as a motion to dismiss [Doc. 39 at 2–3, 9], and this Court will do the same.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

The applicable facts are recited in the Report:

> Following a jury trial in the United States District Court for the Southern District of Ohio, Petitioner was found guilty on all eight counts of a second superseding indictment, which included a conviction on Count 8 for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(a)(i) and [(]2[)]. *See United States v. Williams*, C/A No. 1:17-cr-00117-MRB-1 (S.D. OH. March 17, 2020), ECF No. 114. On March, 9, 2020, the district court sentenced Petitioner to 420-months imprisonment. *Id.*, ECF Nos. 131, 134.
>
> Petitioner filed the instant petition alleging he is serving a sentence for a conviction under 18 U.S.C. § 924(c) that is not excluded under the First Step Act ("FSA") from earning

> time credits. ECF No. 1 at 9. Petitioner seeks to be redesignated from ineligible to eligible and to have the credits he earned from completed programs applied to his sentence. *Id.* at 10.

[Doc. 39 at 1–2.]

**DISCUSSION**[2]

As noted, in the Report, the Magistrate Judge recommends that the Court grant Respondent's motion to dismiss and deny Petitioner's motion to strike Respondent's defense that Petitioner is statutorily ineligible to earn FSA time credits. [*Id.* at 3–9.] The Report concluded that although Petitioner alleges that 18 U.S.C. § 3632(d)(4)(D)(xxii) is ambiguous and does not render prisoners ineligible for FSA time credits simply because they are serving time for a conviction under 18 U.S.C. § 924(c), the statute actually unambiguously "renders all inmates with a § 924(c) conviction ineligible to receive FSA earned time credits." [Doc. 39 at 3–7 (citing *Hahn v. Janson,* C/A No. 9:24-cv-04061-JFA, 2025 WL 2677938, at *6 (D.S.C. Sept. 18, 2025); *Arnold v. Entzel*, No. 25-17, 2025 WL 645869, at *1 (E.D. Ky. Feb. 27, 2025)).] For similar reasons, the Magistrate Judge rejected an argument by Petitioner that the Bureau of Prisons ("BOP") improperly relied on his indictment and allegations in his presentence report in determining that he was not eligible for earned time credits under the FSA. [*Id.* at 7–8; *see also id.* at 8–9 (rejecting Petitioner's that if the statute is ambiguous, BOP's interpretation is not entitled to deference).]

In his objections, Petitioner argues that the Magistrate Judge erred in recommending that Respondent's motion to dismiss be granted and Petitioner's motion

[2] The Magistrate Judge accurately summarized the relevant motion-to-dismiss standard. [Doc. 39 at 2–3.] Accordingly, the Court does not repeat the standard.

to strike be denied. [Docs. 45; 46.] The Court notes that each of Petitioner's arguments depends on the premise that the Magistrate Judge erred in concluding that 18 U.S.C. § 3632(d)(4)(D)(xxii) unambiguously renders all inmates with a § 924(c) conviction ineligible to receive FSA earned time.[3] [*Id.*] Having considered the issue de novo, the Court agrees with the Magistrate Judge's conclusions for the reasons set out in the Report. [Doc. 39 at 3–9.] The Court therefore grants Respondent's motion to dismiss and denies Petitioner's motion to strike.

## CONCLUSION

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Respondent's motion to dismiss [Doc. 33] is GRANTED and Petitioner's motion to strike [Doc. 37] and the § 2241 petition [Doc. 1] are both DENIED.

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the

[3] Petitioner argues that an evidentiary or administrative record is required to determine why the BOP found Petitioner ineligible for earned time credits under the FSA. [Docs. 45 at 11; 46 at 11.] However, as the Magistrate Judge noted, Petitioner's § 924(c) conviction, the existence of which is not disputed, makes Petitioner ineligible to earn time credits under the FSA. [Doc. 39 at 8.]

merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 22, 2026
Columbia, South Carolina